O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On March 12, 2010, *pro se* Plaintiff Ruben Pazos filed this home foreclosure action in Superior Court for the County of Ventura. Plaintiff alleged state law claims for negligence and for a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Plaintiff also alleged one federal claim, for a violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA").

Defendants Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, and World Savings Bank, FSB (collectively referred to in Defendants' papers, and in this Order, as "Wachovia"), removed the case on the basis of Plaintiff's TILA claim. On April 21, 2010, Wachovia moved to dismiss Plaintiff's Complaint. On May 18, 2010, Plaintiff filed a First Amended Complaint ("FAC") and, on that basis, the Court denied the pending motion to dismiss as moot. Plaintiff's FAC alleges only state law causes of action.

On July 6, 2010, Wachovia filed the instant motion to dismiss the FAC. Since the FAC asserts only state law claims, and the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA") does not completely preempt state law claims, this Court would lack subject matter jurisdiction over Plaintiff's action if it chose not to exercise supplemental jurisdiction under 28 U.S.C. § 1367. The Court chooses not to. Accordingly, the Court DENIES Defendants' motion to dismiss[1] but *sua sponte* REMANDS the case to the Superior Court for the County of Ventura.

---

[1] Docket No. 15.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

## I. BACKGROUND

Plaintiff's action arises out of an allegedly deceptive lending scheme perpetrated by Defendants, which consisted, in part, of Defendants knowingly providing Plaintiff with a mortgage loan that was beyond Plaintiff's ability to repay and doing so without explaining the terms of the loan to Plaintiff or making other required disclosures. *E.g.* FAC ¶ 3, 4, 5, 20. Plaintiff alleges state law claims in the FAC for unfair business practices, deceit, intentional infliction of emotional distress, unjust enrichment, breach of verbal contract, negligence, and quiet title.

Wachovia asserts that all of Plaintiff's state law claims against it are preempted by HOLA and, presumably, relies on this supposed preemption as the basis for this Court's jurisdiction over Plaintiff's action. Wachovia's Memorandum of Points and Authorities ("MPA") pp. 12:28-13:2.

## II. FEDERAL JURISDICTION

A motion to remand is the proper procedure for challenging removal, but a federal court must determine its own jurisdiction even if there is no objection to it. 28 U.S.C. § 1447(c); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The removal statute is strictly construed against removal, and any doubt about the right of removal requires resolution in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citations omitted). Thus, the burden of establishing jurisdiction in the federal forum rests on the defendant. *Id.*

Plaintiff acknowledges that "[t]he federal questions may not be apparent on the face of the first amended complaint . . . ." Plaintiff's Opposition p. 4:9-10. Indeed, Plaintiff's FAC appears to contain no allegations that support federal jurisdiction over this action. Nonetheless, as noted above, Wachovia devotes a substantial portion of its Motion to Dismiss to establishing HOLA preemption of Plaintiff's state law claims.

"[A] state claim may be removed to federal court in only two circumstances —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The principle of complete preemption is sometimes invoked by reference to the "artful pleading" doctrine, under which "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).

It is important to distinguish complete preemption from "ordinary" preemption. Ordinary preemption is merely a federal law defense to a state-law claim, and "is insufficient to confer federal jurisdiction if the complaint on its face does not present a federal question." *Moore-Thomas*, 553 F.3d at 1244 (citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)). But when there is complete preemption, a defendant may remove a state-law claim. This is so because "[w]hen [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Beneficial Nat'l Bank*, 539 U.S. at 8.

Complete preemption is a rarity, and the Supreme Court has identified only three federal statutes that completely preempt state law: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the usury provisions of the National Bank Act. These statutes stand alone because they "provide[] the *exclusive cause of action* for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8 (emphasis added). Whether or not a statute provides the exclusive cause of action for certain claims is thus "the dispositive question." *Id.* at 9. *See also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (holding that the Carmack Amendment completely preempts state law claims).

Neither the Supreme Court nor the Ninth Circuit has addressed whether federal law completely preempts state law claims related to the non-disclosure of mortgage terms. Defendant Wachovia Mortgage relies on *Silvas v. E\*Trade Mortgage Corp.*, in which the Ninth Circuit held that HOLA preempted claims brought under California's Unfair Competition Law. 514 F.3d 1001 (9th Cir. 2008). The plaintiff in *Silvas* claimed that the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

defendant violated the Unfair Competition Law by failing to provide a refund of a deposit as required by TILA. Although the Ninth Circuit held that these claims were preempted because they "provide state remedies for violations of federal law in a field preempted entirely by federal law," *Silvas* never reached the question of complete preemption, and did not characterize HOLA as completely preempting state law claims.

A close look at HOLA and its implementing regulations suggests that HOLA does not completely preempt Plaintiff's state law claims.

HOLA's preemptive effect is based on a regulation promulgated by the Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2. Section 560.2(a) states,

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities, *except to the extent provided in paragraph (c) of this section or § 560.110 of this part*.

12 C.F.R. § 560.2(a) (emphasis added).

The "dispositive question" for complete preemption is not simply whether HOLA preempts state law by occupying a field of regulation. The issue is whether HOLA provides "the exclusive cause of action" for the claims asserted by Plaintiff. Section 560.2 makes clear in subsection (c) that it does *not* preempt certain enumerated state law claims related to lending "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c). These include claims brought under contract and commercial law, real property law, homestead laws, tort law, criminal law, and "[a]ny other law that OTS, upon review, finds . . . [f]urthers a vital state interest; and [e]ither has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section." 12 C.F.R. §

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

560.2(c).[2] *See Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 2008) (Pregerson, J.) (holding that OTS regulations did not completely preempt an unfair competition claim in part because 12 C.F.R. § 560.2(c) "specifically exempts particular state laws from the regulation's preemptive scope.").

Section 560.2(b) lists specific types of state laws that are preempted, including those related to "[d]isclosure and advertising." To be sure, the Ninth Circuit found that the state law claims enumerated in section 560.2(b), such as those related to disclosure, are preempted. *Silvas*, 514 F.3d at 1005 (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). But because the OTS regulation itself explicitly does not preempt other state law claims, HOLA does not have the "unusually 'powerful' preemptive force" that goes beyond merely preempting state law claims to also permit removal. *See Beneficial Nat'l Bank*, 539 U.S. at 6 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23-24 (1983)). This conclusion is reinforced by the fact that the supposed basis for removal is found in a regulation, not a statute. Although federal regulations could have the same preemptive effect as federal statutes, *see Fidelity Federal. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 139, 153-54 (1982), the extraordinary consequences of complete preemption counsel against finding the requisite Congressional intent when the regulation reflects only the views of an executive branch agency acting without Congressional guidance.

This analysis of HOLA and its regulations is supported by two additional considerations. First, and most importantly, if there is any federal cause of action under which Plaintiff could bring his disclosure-based claims, it is provided by TILA. But TILA itself does not provide an exclusive cause of action; it has a "savings clause" stating that it preempts state law only if the state law is inconsistent with TILA. 15 U.S.C. § 1610(b). *See In re Nos Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1058 (9th

---

[2] In addition, 12 C.F.R. § 560.110 provides that state law governs the permissible interest rates charged by federal savings associations. Notwithstanding these explicit limits on the scope of § 560.2, in *Silvas* the Ninth Circuit described HOLA and its regulations as "a radical and comprehensive response to the inadequacies of the existing state system," and "so pervasive as to leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)). This was mere dicta.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2732 AHM (CWx) | Date | August 10, 2010 |
|---|---|---|---|
| Title | RUBEN PAZOS v. WACHOVIA MORTGAGE, et al. | | |

Cir. 2007) ("A savings clause [in this case, a very broad one] is fundamentally incompatible with complete field preemption . . . ."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (holding that Title VII does not completely preempt state law, but "[r]ather Title VII only preempts state law inconsistent with it.").[3]

Second, it is notable that the Ninth Circuit dismissed the plaintiff's unfair competition claims in *Silvas*, rather than directing the district court to recharacterize them as federal claims. The latter course would have been the logical result if HOLA completely preempted state law claims.

For these reasons, the Court finds that HOLA does not completely preempt Plaintiff's state law claims.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss[4] because the Court lacks subject matter jurisdiction and *sua sponte* REMANDS the case to the Superior Court for the County of Ventura. The Clerk is directed to close the case.

:
Initials of Preparer    SMO

**JS-6**

---

[3] The Ninth Circuit held in *Silvas* that TILA's savings clause does not "trump . . . the preemptive effect of HOLA." *Silvas*, 514 F.3d at 1007. But this conclusion speaks only to whether HOLA preemption is a *defense* to certain state law claims. It does not bear on the separate analysis that a court must undertake to determine whether HOLA completely preempts state law claims. As the Supreme Court made clear in *Beneficial National Bank*, that analysis depends on whether the relevant federal statute provides the exclusive cause of action.

[4] Docket No. 15.